IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES SEWELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:20-cv-697-ECM |
| | ) | (WO) |
| ABS SOUTHEAST, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |
| | | |
| ALFA MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:20-cv-698-ECM |
| | ) | (WO) |
| EUROPEAN STUCCO & | ) | |
| DESIGN, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On September 8, 2020, the Defendants in *Sewell et al. v. ABS Southeast, LLC et al.*, 2:20-cv-00697-ECM-JTA  (M.D. Ala.) filed a motion to consolidate (doc. 1) with *Alfa Mutual Insurance Company v. European Stucco, LLC, et al., LLC* 2:20-cv-00698-MHT-SMD (M.D. Ala.).  On September 29, 2020, the Plaintiff filed a Consent to Consolidation in *Alfa Mutual Insurance Company*, *supra*.  (Doc. 10).  Upon review of the motion to consolidate, the consent to consolidation, the complaints in these cases, and for good cause, the Court concludes that judicial economy is best served by consolidating these actions because these cases involve common questions of law and fact.

Fed. R. Civ. P. 42 permits a district court to consolidate cases "[i]f actions before the court involve a common question of law or fact."  *Id*.  "This rule is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Hendrix v. Raybestos-Manhattan, Inc*., 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotations omitted).  *See also Young v. Augusta, Ga,* 59 F.3d 1160, 1169 (11th Cir. 1995).  In making the determination whether to consolidate these cases, the Court considers

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factors and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense of all concerned of a single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. Eastern Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir. 1982)).

These actions arise out of the same occurrence: a fire that destroyed Charles and Wanda Sewell's residence, including the contents, possessions, and two pets.  Both actions allege the two Defendants, by their negligence and wantoness, caused the fire.  Plaintiffs allege the fire was caused by Defendants' involvement in the sale, installation, and work on fireplaces and fireboxes.  The Sewells filed the first action against ABS Southeast and European Stucco seeking compensatory and punitive damages for their losses and mental anguish.  Alfa Mutual Insurance Company filed the second action against ABS Southeast and European Stucco to recover what it had paid to the Sewells and others under the Sewells' homeowners insurance.  Both actions are based on the same facts, involve the

same claims, against the same defendants, and both seek dual damages for singular liability.  The same discovery will be relevant to both cases.  At this juncture, the parties will not be prejudiced by consolidation.

Accordingly, for the reasons as stated, the Court finds that judicial economy, efficiency, and convenience outweigh any risk of prejudice or confusion, and that consolidation is appropriate.  Accordingly, it is

ORDERED as follows that:

1.     The motion to consolidate in *Sewell et al v. ABS Southeast, LLC et al., 2:20-cv-00697-ECM-JTA* (doc. 1) is GRANTED, and these cases be and are hereby CONSOLIDATED for all further proceedings.

2.     *Sewell et al v. ABS Southeast, LLC et al., 2:20-cv-00697-ECM-JTA* is DESIGNATED as LEAD case.

3.     The Clerk of the Court is DIRECTED to file a copy of this Order in both cases referred herein.

DONE this 1st day of October, 2020.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE